[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 20-14262

Non-Argument Calendar

_____

NAJAM AZMAT,
a.k.a. Dr. Azmat,

                              Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

                              Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Georgia
D.C. Docket No. 4:17-cv-00086-WTM-BKE

_____

Case 4:17-cv-00086-WTM-BKE   Document 132   Filed 09/30/22   Page 2 of 6
USCA11 Case: 20-14262   Date Filed: 09/28/2022   Page: 2 of 4

2                         Opinion of the Court                    20-14262

Before ROSENBAUM, GRANT and DUBINA, Circuit Judges.

PER CURIAM:

Appellant Najam Azmat, proceeding *pro se*, appeals the district court's order dismissing in part, as an impermissible successive 28 U.S.C. § 2255 motion, his Federal Rule of Civil Procedure 60(b) motion. On appeal, Azmat argues that the district court erred in construing his Rule 60(b) motion in part as a successive § 2255 motion and dismissing it for lack of jurisdiction because Azmat had not received authorization from us to file a successive § 2255 motion. After reviewing the record and reading the parties' briefs, we affirm the district court's order of dismissal.

### I.

While we typically review the district court's denial of a Rule 60(b) motion for an abuse of discretion, we review the district court's legal conclusions in a § 2255 proceeding *de novo* and the underlying facts for clear error. *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003). As a preliminary matter, although a certificate of appealability (COA) generally is required to appeal a final order in a proceeding under § 2255, *see* 28 U.S.C. §-2253(c)(1)(B), we have held that the dismissal of a successive habeas petition for lack of subject-matter jurisdiction does not constitute a "final order in a habeas corpus proceeding," for purposes of § 2253(c). *Hubbard v. Campbell*, 379 F.3d 1245, 1247 (11th Cir. 2004). Consequently, our jurisdiction to review the dismissal of

Case 4:17-cv-00086-WTM-BKE   Document 132   Filed 09/30/22   Page 3 of 6
USCA11 Case: 20-14262   Date Filed: 09/28/2022   Page: 3 of 4

20-14262               Opinion of the Court                3

Azmat's second Rule 60(b) motion, to the extent that it was construed as a successive § 2255 motion, arises under 28 U.S.C. § 1291, and no COA is required. *See Hubbard*, 379 F.3d at 1247.

## II.

We construe documents filed by *pro se* litigants liberally and hold them to less stringent standards than documents drafted by attorneys. *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S. Ct. 285, 292 (1976). When a *pro se* plaintiff brings a motion under Rule 60(b), the district court may construe it as a § 2255 motion, and, if applicable, treat it as an unauthorized second or successive motion. *Farris*, 333 F.3d at 1216. Specifically, Rule 60(b) motions are subject to the restrictions on successive habeas petitions if the prisoner is attempting to raise a new ground for relief or to attack a federal court's previous resolution of a claim on the merits, even if "couched in the language of a true Rule 60(b) motion." *Gonzalez v. Crosby*, 545 U.S. 524, 531-32, 125 S. Ct. 2641, 2647-48 (2005); *Farris*, 333 F.3d at 1216.

Before a prisoner may file a second or successive § 2255 motion in a district court, he first must obtain an order from the court of appeals authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A). Without such authorization, the district court lacks jurisdiction to consider a second or successive § 2255 motion. *Farris*, 333 F.3d at 1216. Further, "until a COA has been issued[,] federal courts of appeals lack jurisdiction to rule on the merits of appeals from habeas petitioners." *Miller-El v. Cockrell*, 537 U.S. 322, 336, 123 S. Ct. 1029, 1039 (2003).

Case 4:17-cv-00086-WTM-BKE   Document 132   Filed 09/30/22   Page 4 of 6
USCA11 Case: 20-14262   Date Filed: 09/28/2022   Page: 4 of 4

4                    Opinion of the Court                    20-14262

### III.

Here, even when construed liberally, Azmat's arguments in his brief do not discuss the sole issue on appeal concerning the district court's determination that Azmat's Rule 60(b) motion is a successive § 2255 motion. Rather, Azmat raises several claims that are not within the scope of this appeal. We could treat the sole issue on appeal as abandoned, but considering Azmat's *pro se* status, we still evaluate the district court's successive determination. We do not have jurisdiction, however, over his claims concerning the denial of his Rule 60(b) motion on the merits because he did not receive a COA as to these issues. See *Miller-El*, 537 U.S. at 336, 123 S. Ct. at 1039.

As to the merits of the successive determination, we conclude that the district court did not err in construing Azmat's Rule 60(b) motion in part as a successive § 2255 motion and dismissing it for lack of jurisdiction. The record indicates that Azmat was attempting to relitigate his claims, had filed a prior § 2255 motion that the district court denied, and failed to seek permission from us to file a successive § 2255 motion. Accordingly, based on the aforementioned reasons, we affirm the district court's order dismissing Azmat's Rule 60(b) motion.

**AFFIRMED.**

UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

September 28, 2022

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 20-14262-JJ
Case Style: Najam Azmat v. USA
District Court Docket No: 4:17-cv-00086-WTM-BKE
Secondary Case Number: 4:13-cr-00028-WTM-BKE-4

Electronic Filing
All counsel must file documents electronically using the Electronic Case Files ("ECF") system, unless exempted for good cause. Although not required, non-incarcerated pro se parties are permitted to use the ECF system by registering for an account at www.pacer.gov. Information and training materials related to electronic filing are available on the Court's website. Enclosed is a copy of the court's decision filed today in this appeal. Judgment has this day been entered pursuant to FRAP 36. The court's mandate will issue at a later date in accordance with FRAP 41(b).

The time for filing a petition for rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing or for rehearing en banc is timely only if received in the clerk's office within the time specified in the rules. Costs are governed by FRAP 39 and 11th Cir.R. 39-1. The timing, format, and content of a motion for attorney's fees and an objection thereto is governed by 11th Cir. R. 39-2 and 39-3.

Please note that a petition for rehearing en banc must include in the Certificate of Interested Persons a complete list of all persons and entities listed on all certificates previously filed by any party in the appeal. See 11th Cir. R. 26.1-1. In addition, a copy of the opinion sought to be reheard must be included in any petition for rehearing or petition for rehearing en banc. See 11th Cir. R. 35-5(k) and 40-1 .

Counsel appointed under the Criminal Justice Act (CJA) must submit a voucher claiming compensation for time spent on the appeal no later than 60 days after either issuance of mandate or filing with the U.S. Supreme Court of a petition for writ of certiorari (whichever is later) via the eVoucher system. Please contact the CJA Team at (404) 335-6167 or cja_evoucher@ca11.uscourts.gov for questions regarding CJA vouchers or the eVoucher system.

For questions concerning the issuance of the decision of this court, please call the number referenced in the signature block below. For all other questions, please call <u>Tiffany A. Tucker, JJ</u> at <u>(404)335-6193</u>.

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: Jeff R. Patch
Phone #: 404-335-6151

OPIN-1 Ntc of Issuance of Opinion